IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ULYESSES ELDRIDGE, #1197327 | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:04-CV-1312-AH |
| | § | |
| RAYMOND BYRD, Assistant Warden, | § | |
| Dawson State Jail, | § | |
| et al., | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Pursuant to the express consents of the parties and the District Court's order of transfer filed on March 16, 2005, in accordance with the provisions of 28 U.S.C. § 636(c) came on to be considered Defendant Raymond Byrd's and Byron Brown's Motion for Summary Judgment filed on June 22, 2005, and Plaintiff's response filed on July 11, 2005, and the court finds and orders as follows:

Procedural History of the Case:  Plaintiff Ulyesses Eldridge, a resident of Dallas County, Texas, filed this action on June 15, 2004, while confined as an inmate at the Dawson State Jail at Dallas.  Following receipt of Plaintiff's answers to the Magistrate Judge's Questionnaire, the Magistrate Judge filed a recommendation on August 19, 2004, which recommended dismissal of a portion of Eldridge's claims, dismissal of certain defendants and that process be served on Defendants Byrd and Brown.  On September 16, 2004, the District Court filed its judgment dismissing Plaintiff's claims challenging cold and unsanitary food and smoking in the prison dorms without prejudice for failure to exhaust administrative remedies and dismissed his claims against Corrections Corporation of America and Warden Keeton with prejudice.

Process was issued on Defendants Byrd and Brown. They filed answers and the present motion for summary judgment.

Statement of the Case**:** Eldridge's complaint alleges that he was involuntarily exposed to environmental conditions at the Dawson State Jail that posed a serious health risk and that this involuntary exposure caused him to suffer reoccurring open wounds on his legs[1] as well as constant pain and anxiety.[2] Plaintiff alleges that he was exposed to: toxic fumes, sewage odors, waste water, and insects.

Plaintiff asserts that he formally complained about his exposure to harmful environmental conditions by filing two grievances. Additionally, Plaintiff alleges that Defendant Byrd was aware of the environmental conditions because Defendant Byrd visited the Plaintiff's dormitory on a weekly basis, was verbally informed of the environmental conditions, and read Plaintiff's first grievance. Plaintiff alleges that Defendant Brown was aware of the environmental conditions because he also made weekly housing inspections.

Findings and Conclusions**:** To prevail on a motion for summary judgment, a moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986); *see also Anderson v. Liberty Lobby, Inc.*,

---

[1] Plaintiff's condition was diagnosed as impetigo. Impetigo is an infection of the top layers of the skin that results in red or pimple-like lesions surrounded by reddened skin. The condition is treated with oral and topical antibiotics. *See* http://www.niaid.nih.gov/factsheets/strep.htm

[2] Plaintiff identified these specific injuries in his response to the Magistrate Judge's Questionnaire. (Pl.'s Ans. to Magistrate's Questionnaire at 5). Plaintiff alleged only "pain and suffering" in his complaint.

477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986).  The materiality of facts is determined by substantive law.  *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S. Ct. at 2510.  An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law.  *See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994)(citing *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510).  Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue.  *Anderson*, 477 U.S. at 256-257, 106 S. Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1355-56 (1986).  Neither conclusory allegations nor hearsay statements are competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the opponent's claim.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  The court must resolve any factual controversies in favor of the non-moving party.  *Richter v. Merchants Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996).  Thus, in reviewing all of the evidence, the court must consider it in a light most favorable to Plaintiff's claims, drawing all factual inferences therefrom and making all credibility determinations related therefrom in his favor.  However, summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S. Ct. at 2552.

Plaintiff claims that he was involuntarily exposed to harmful environmental conditions at the Dawson State Jail. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004) (citing *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480 (1993)). In a conditions-of-confinement claim, a prisoner must demonstrate "extreme deprivation" of "minimal civilized measures of life's necessities." *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327 (1991)). A prison official may be held liable in a conditions-of-confinement claim where the official "(1) shows a subjective deliberate indifference to (2) conditions posing a substantial risk of serious harm to the inmate." *Gates*, 376 F.3d at 333 (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S. Ct. 1970, 1977 (1994)).

Defendants' motion for summary judgment sets out multiple grounds on which they claim to be entitled to summary judgment. The court need not address each one. Byrd and Brown deny that they were responsible for the conditions of which Eldridge complains.

Both Defendant Byrd and Defendant Brown assert that they are supervisory officials who were responsible for the general oversight of operations at the Dawson State Jail. Likewise, both Defendants assert that they have no personal knowledge of the Plaintiff or of the alleged incidents that form the basis of his suit. In support of their contentions, Defendant Byrd[3] and

---

[3] Defendant Byrd, in his affidavit, states that he is responsible for, (1) guiding staff, (2) interacting with the Warden by assisting in supervising, coordinating and reviewing programs of the facility, (3) supervising facility operations, (4) assisting in the effective management of facility resources, (5) managing staff, (6) responding to inmate and staff grievances, (7) overseeing housing inspections, (8) supervising the internal and external security of the facility, and (8) overseeing staff. Defendant Byrd stated that he had no personal knowledge of Plaintiff or of the alleged incidents on which Eldridge's complaint is based.

Defendant Brown[4] submitted affidavits. (*See* Appx. to Defs.' Mem. Supp. Summ. J., Byrd Aff. at 07-08, Brown Aff. at 04-05).

It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir.), *cert. denied*, 488 U.S. 851 (1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

The only competent evidence presented by Plaintiff in opposition to Defendants' affidavits is that found in his answers to the Magistrate Judge's Questionnaire filed on August 13, 2004. With reference to Defendant Brown and in answer to Question 6, Eldridge states that he personally informed Brown of the presence of smuggled tobacco products in the prison dormitory on April 28, 2004. However, the presence of tobacco products in a jail, whether openly permitted or surreptitiously introduced, does not constitute a condition of confinement which violates the Eighth Amendment. To the extent that liability against Brown is predicated on the presence of ambient tobacco smoke, relief is foreclosed by the prior judgment of the District Court dismissing this claim for failure to exhaust administrative remedies.

---

[4] Defendant Brown, in his affidavit, states that he was responsible for, "the overall security plan and security operations of the correctional facility." In this capacity, Defendant Brown: (1) developed the facility emergency plan, and (2) provided supervision to mid-managers, department heads and operational areas surrounding the facility. Defendant Brown stated that he had no personal knowledge of Plaintiff or of the alleged incidents on which Eldridge's complaint is based.

In the case of Defendant Byrd, Eldridge asserts that Byrd was aware of "egregious conditions" in the prison dormitory as a result of his weekly inspection of the dormitory. (*See* Pl.'s Ans. to Magistrate's Questionnaire at 4.)  However, Eldridge has proffered no competent evidence to demonstrate the duration of the conditions described in his answer, nor any witness affidavit relating when and under what circumstances any of the environmental conditions were conveyed to Byrd. Further, none of the conditions set out in Plaintiff's answer to Question 6, singly or in combination, involve the wanton and unnecessary infliction of pain which is a *sine qua non* of a § 1983 action predicated on the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 101 S. Ct. 2392 (1981).

The physical injuries which Eldridge claims to have sustained are open wounds and leg legions [sic] to his left leg. (*See* Pl.'s Ans. to Magistrate's Questionnaire at 5.)  He has proffered no competent evidence refuting Byrd's affidavit that he, Byrd, was not responsible for when and if an inmate was seen by the jail medical department and that he had no knowledge of Eldridge or the alleged basis for his suit. Therefore, Eldridge has failed to present competent evidence to show that either defendant was personally involved in the conditions of which Plaintiff complains or that the conditions were pursuant to policies which either implemented, and Defendants are entitled to summary judgment.

Even if liability were not otherwise foreclosed under § 1983, it is clear that the fact that Byrd's lack of knowledge of Eldridge's medical problems would preclude relief. In prison-conditions cases, the culpable state of mind which an inmate plaintiff must prove is a "deliberate

indifference" to the inmate's health. *Farmer v. Brennan*, *supra*, at 834, 114 S. Ct. at 1977.[5]

It is therefore ordered that Defendants Raymond Byrd's and Byron Brown's Motion for Summary Judgment be granted.

**SIGNED** this 12th day of September, 2005.

                                                  WM. F. SANDERSON JR.
                                                UNITED STATES MAGISTRATE JUDGE

---

[5] Although Eldridge had reoccurring incidents of impetigo, his medical records while confined at the Dawson State Jail show that medications for this condition were prescribed and administered. (*See* Appx. to Defs.' Mot. for Summ. J. at 77-79, 82-86.) The fact that Eldridge was being treated for this condition, as well as other maladies, likewise forecloses the existence of a genuine issue of fact with respect to his Eighth Amendment claims.